# Third District Court of Appeal

## State of Florida

Opinion filed September 21, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-833
Lower Tribunal No. 13-15923
_____

**Z.R., The Mother,**
Appellant,

vs.

**Department of Children and Families, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Cindy S. Lederman, Judge.

Albert W. Guffanti, for appellant.

Rosemarie Farrell, for appellee Department of Children and Families; Laura J. Lee (Sanford), for appellee Guardian ad Litem Program.

Before SHEPHERD, EMAS, and LOGUE, JJ.

LOGUE, J.

Z.R., the mother, appeals an order terminating her parental rights to her five children. While the record supports the trial court's determination that the Department had established grounds for the termination of the mother's rights, the record does not reflect whether the fathers' parental rights have been terminated. As the Department of Children and Families and the Guardian Ad Litem concede, the court's order also does not discuss the factors in section 38.811(6), Florida Statutes, which limit the court's power to terminate the rights of one parent without terminating the rights of the other parent. Given this absence, and the problem of sending the children for adoption in this circumstance, we reverse and remand for further proceedings. See In re V.M., 893 So. 2d 595, 597 (Fla. 2d DCA 2005) ("We cannot make a decision at this time regarding the requirements of section 39.811(6) and do not mandate any specific decision by the trial judge. We do not reverse the trial court's determination that the Department established grounds for the termination of the Mother's rights. We merely reverse that termination so that the trial court can make a proper decision under section 39.811(6) at a later point in these proceedings.").

Affirmed in part, reversed in part, and remanded for further proceedings.

SHEPHERD, J., concurring.

I concur in the majority opinion, reversing the order terminating the mother's parental rights because the record does not reflect whether the fathers' parental rights have been terminated, and write only to note apparent contradictory findings on the face of the trial court's judgment. Although the trial court found that adoption is in the children's manifest best interest based, in part, on the children's continued exposure to incidents of domestic violence by Mr. Marquez, in the first paragraph of page 12 of the judgment, the trial court states: "At this time, the Court is working towards reunification of all the children with Yosvany Marquez Diaz, the father of four of the children." Surely, both statements cannot be true.